**United States District Court**
**Central District of California**

**UNITED STATES OF AMERICA vs.**                    Docket No.    CR 03-760 ODW-7

**Defendant**   7.)   FRANCOIS GILLE            Social Security No.  N   O   N   E
akas:  Francisco Gille; Francois Pierre Gille          (Last 4 digits)

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

|  | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 06 | 30 | 2010 |

**COUNSEL**   [X] WITH COUNSEL    William R. Mitchelson, Jr., Retained
(Name of Counsel)

**PLEA**   [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.   [ ] NOLO CONTENDERE   [ ] NOT GUILTY

**FINDING**   There being a finding of   [X] GUILTY, defendant has been convicted as charged of the offense(s) of:
Making False Statements in a Matter Within the Jurisdiction of a Federal Agency; Aiding and Abetting and Causing an Act to be Done in violation of 18 U.S.C. § 1001, 2(a), 2(b) as charged in the Single-Count Sixth Superseding Information.

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

The defendant shall pay to the United States a special assessment of $50, which is due immediately. This special assessment of $50 is to be paid from the cash deposit previously posted by the defendant.

Pursuant to Section 5E1.1(b) of the Sentencing Guidelines, defendant is not ordered to pay restitution because: (a) determining restitution would complicate or prolong the sentencing process to a degree that the need to provide restitution is outweighed by the burden on the sentencing process, especially as the number of potential victims with claims in this matter could exceed 350,000; (b) without any waiver of jurisdictional claims, defenses, or arguments under the French Civil Code by defendant, the district court in the related civil cases of John Garamendi v. Altus Finance S.A., et al., No. CV 99-2829-AHM(CWx), Sierra National Insurance Holdings, et al. v. Credit Lyonnias S.A., et al., No. CV 01-1339-AHM(CWx), and State of California ex rel. Rono, LLC v. Altus Finance S.A., et al., No. CV 01-8587-AHM(CWx), is in much better position than the United States Probation Office and the Court in this criminal proceeding to determine which parties, if any, are entitled to recover in this matter and in what amounts; (c) any amount of restitution defendant could reasonably be ordered to pay would be negligible in comparison to the amount of potential claims in this matter; and (d) the cost of distributing any restitution defendant could reasonably be ordered to pay would likely exceed the amount of such restitution.

Based on an offense level of 8, the applicable fine range is $1000 to $10,000. The court, however, upwardly departs and orders that the defendant shall pay a criminal fine of $250,000, with said

| | | | | |
|---|---|---|---|---|
| USA vs. 7.) | FRANCOIS GILLE | | Docket No.: | CR 03-760-ODW-7 |

criminal fine immediately due and payable. This fine is imposed, pursuant to section 5E1.2(d) of the guidelines, to ensure that the fine, taken together with other sanctions, is punitive. Pursuant to the plea agreement between the parties, the $250,000 that GILLE has previously posted with the court, as security for his appearance shall be applied to pay the criminal fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Francois Gille, is hereby placed on **probation** on the single-count sixth superseding information for a term of **Five (5) years** under the following terms and conditions:

    1.    The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

    2.    Defendant shall not commit any federal, state, or local felony offense;

    3.    Defendant shall not knowingly violate, aid and abet the violation of, or cause the violation of any provision of the Bank Holding Company Act, 12 U.S.C. § 1841, et seq., or implementing regulations or guidelines, relating to the prohibited ownership or control, direct or indirect, of any United States nonbanking entity; and

    4.    Defendant shall not enter the United States at any time during the three-year period beginning immediately upon defendant's return to France following his sentencing, provided, however, that defendant may petition the United States Attorney's Office and the appropriate federal immigration authorities for permission to enter the United States during his three year term of banishment but only: (a) to appear as a witness in the Civil Actions or at the request of the Board of Governors of the Federal Reserve System in connection with any investigation or proceeding by it; or (b) for humanitarian reasons, such as to obtain essential medical treatment not otherwise available to him or a close family member.

Defendant is informed of his limited right to appeal.

Bond is ordered exonerated upon application of deposit.

On the government's motion, all remaining counts and underlying indictments, ordered dismissed.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| USA vs. | 7.) FRANCOIS GILLE | Docket No.: | CR 03-760-ODW-7 |

June 30, 2010
Date

*[signature]*
U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Terry Nafisi, Clerk

June 30, 2010
Filed Date

By   Steve Chung
Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

USA vs.   7.)   FRANCOIS GILLE　　　　　　　　　　Docket No.:　　CR 03-760-ODW-7

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

　　　1. Special assessments pursuant to 18 U.S.C. §3013;
　　　2. Restitution, in this sequence:
　　　　　　Private victims (individual and corporate),
　　　　　　Providers of compensation to private victims,
　　　　　　The United States as victim;
　　　3. Fine;
　　　4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
　　　5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

　　　　　These conditions are in addition to any other conditions imposed by this judgment.

| USA vs. | 7.) FRANCOIS GILLE | Docket No.: | CR 03-760-ODW-7 |

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
   at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____ By _____
Date           Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____ By _____
Filed Date       Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____ _____
    Defendant      Date

_____ _____
U. S. Probation Officer/Designated Witness   Date